UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAYNE THOMAS ANSTROM,

Petitioner,

v.

STEVE SINCLAIR,

Respondent.

NO. CV-09-103-RHW

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (Ct. Recs. 1 & 12), Motion for Evidentiary Hearing (Ct. Rec. 5), and Motion to Continue (Ct. Rec. 22), and Respondent's Motion to Dismiss (Ct. Rec. 16). For the reasons set forth below, the Court grants Respondent's motion and dismisses the Petition as time-barred.

## I. PROCEDURAL BACKGROUND

Petitioner was convicted of first degree assault while armed with a deadly weapon, second degree assault, unlawful possession of a firearm, and four counts of drive-by shooting in Grant County Superior Court on February 8, 2002. The Washington Court of Appeals, Division III, affirmed Petitioner's conviction on challenges of ineffective assistance of counsel, prosecutorial misconduct, and constitutionally deficient information and jury instructions on May 23, 2003. *State v. Anstrom*, 117 Wash. App. 1005 (2003). The Washington Supreme Court summarily denied the petition for review on February 3, 2004. *State v. Anstrom*, 150 Wash. 2d 1033, 84 P.3d 1229 (2004).

On January 23, 2005, Petitioner filed a motion to vacate or set aside or

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** \* 1

correct his superior court sentence, which was transferred to the Washington Court of Appeals as a personal restraint petition on February 11, 2005 (Cause No. 23863-6-III). On February 11, 2005, Petitioner also separately filed a personal restraint petition in the Washington Court of Appeals (Cause No. 23810-5-III).  These two filings were consolidated for review until the two petitions were severed and the former dismissed by the Washington Court of Appeals on August 24, 2006. Petitioner sought review of the dismissal of Cause No. 23863-6-III, which was denied by the Washington Supreme Court on December 4, 2006. A certificate of finality was entered by the Washington Court of Appeals on January 26, 2007. Cause No. 23810-5-III was dismissed by the Court of Appeals on August 2, 2007. *In re Petition for relief from Personal Restraint of Wayne Thomas Anstrom*, 139 Wash. App. 1092 (2007). Review was denied by a Washington Supreme Court commissioner on January 3, 2008; there was apparently no motion to modify the ruling. On December 31, 2008, the Washington Court of Appeals entered a mandate terminating review of No. 23810-5-III. This petition was placed in the prison mail system for filing with the Court on March 31, 2009.

## II.  ANALYSIS

Whether Petitioner's federal habeas petition is timely is determined by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244. Petitioner's state conviction was finalized on May 3, 2004, ninety days after the Washington Supreme Court denied review of Petitioner's appeal. *See Harris v. Carter*, 515 F.3d 1051,1052-53 (9th Cir. 2008). Under the AEDPA, Petitioner was required to seek federal habeas corpus relief within one year of this date pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the one year statute of limitations period was tolled, either statutorily or equitably.

**A.  The Habeas Corpus Petition is Untimely Under 28 U.S.C. § 2244(d).**

The AEDPA tolls the one-year limitations period while a "properly filed application" for post-conviction review is pending in state court. 28 U.S.C. §

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** * 2

2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999).

Petitioner's conviction became final ninety days after the decision of the Washington Supreme Court denying review on February 3, 2004, because no petition for certiorari was filed. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the decision became final on May 3, 2004. The statute then ran for 265 days from May 4, 2004 until January 23, 2005, when Petitioner filed his first personal restraint petition.

The statute was tolled from January 23, 2005, until January 3, 2008, the date the Washington Supreme Court Commissioner entered his Ruling Denying Review on the last of Petitioner's collateral attacks. The statute began running again on January 4, 2008, and ran for approximately 15 months until May 31, 2009, when Petitioner signed his habeas corpus petition and apparently placed it in the prison mail system. Thus, a total of approximately 715 days, well in excess of one year, ran for purposes of the statute of limitations between the date Petitioner's conviction became final for federal habeas corpus review purposes and the date he filed this habeas corpus petition.

Petitioner asserts that the federal statute of limitations was tolled until the Washington Court of Appeals entered its mandate terminating review of his second personal restraint petition (Case No. 23810-5-III) on December 31, 2008, thereby making this petition timely filed. This assertion lacks merit. State post-conviction appeals toll the federal one-year limitations period only until denial of review by the state supreme court, and not until the subsequent entry of a mandate by the clerk of the intermediate appellate court. *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008); *see also White v. Klitzkie*, 281 F.3d 920, 923-24 n. 4 (9th Cir. 2002) (*citing Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001)). This habeas corpus petition is, therefore, barred by the one-year statute of limitations unless grounds for equitable tolling exist.

**B. Equitable Tolling is Unavailable**

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** \* 3

Although "AEDPA's statute of limitations provision is subject to equitable tolling," it is "unavailable in most cases." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (internal citations omitted). Equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (internal citations omitted); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not a petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that an incarcerated *pro se* petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling").

There is no evidence in this case of conduct by the Respondent or the State that impeded Petitioner's ability to prepare and file his federal petition in a prompt fashion. Petitioner's response to Respondent's Motion to Dismiss, like his original Petition, simply presents an erroneous interpretation of the law, but does not attempt any showing of external forces that prevented Petitioner from filing in a timely fashion.

In summary, there are no extraordinary circumstances evident in this case requiring application of equitable tolling principles. Therefore, the petition is time-barred and must be dismissed under 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. Respondent's Motion to Dismiss (Ct. Rec. 16) is **GRANTED.**

2. Petitioner's Petition for Writ of Habeas Corpus (Ct. Recs. 1 and 12) is **DENIED**.

3. All other pending motions are **DENIED** as moot.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** * 4

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order, furnish copies to the parties, and **close the file**.

Dated this 29th day of September, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Anstrom\grant.dismiss.ord.wpd

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** \* 5